IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CLARENCE FRANKLIN                                                                    PLAINTIFF

vs.                                    Civil No. 6:16-cv-06061

NANCY BERRYHILL                                                                      DEFENDANT
Acting Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Clarence Franklin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed his disability application on November 18, 2009. (Tr. 133-138). In his application, Plaintiff claims to be disabled due to the following: "I am in constant pain due to my chest problems. It feels hollow in the middle of my chest. My chest causes my head and eyes to hurt and my doctor thinks my chest problems are causing my hbp. My conditions cause me to feel

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

depressed." (Tr. 179). Plaintiff alleged an onset date of June 23, 2009. (Tr. 133-138). This application was denied initially and again upon reconsideration. (Tr. 69-70). Thereafter, on July 21, 2010, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 85-98).

Plaintiff's initial administrative hearing was held on August 8, 2011 in Hot Springs, Arkansas. (Tr. 23-68). Plaintiff was present at this hearing and was represented by counsel, Shannon Carroll. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") William David Elmore testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 29). As for his level of education, Plaintiff testified he completed the eleventh grade in school but did not obtain his GED. (Tr. 30).

On November 16, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 7-18). Following this, Plaintiff filed a complaint in the United States District Court for the Western District of Arkansas, and on May 1, 2014, the Court reversed and remanded this case for further administrative proceedings. (Tr. 493-505). On October 23, 2014, the Appeals Council vacated the decision and remanded to an ALJ. (Tr. 506-509).

Plaintiff's second administrative hearing was held on March 18, 2015. (Tr. 459-492). Plaintiff was present at this hearing and was represented by counsel, Shannon Carroll. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was fifty-two (52) years old, and had completed the eleventh grade in school. (Tr. 465).

On July 24, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application

for SSI. (Tr. 443-453). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 18, 2009, his application date. (Tr. 445, Finding 1). The ALJ also determined Plaintiff had the severe impairments of coronary artery disease, angina, hypertension, hyperlipidemia, and tobacco abuse. (Tr. 445, Finding 2). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 447, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 447-451). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for light work, but may occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds; and must avoid extreme heat. (Tr. 447, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 451, Finding 5). The ALJ found Plaintiff capable of performing his PRW as an auto parts counter person. *Id.* The ALJ also determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 452). As a result, the ALJ determined Plaintiff had not been under a disability as defined by the Act since November 18, 2009. (Tr. 453, Finding 9).

On June 20, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

`It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

4

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (1) in his RFC determination, (2) by failing to find Plaintiff met a Listing, and (3) ALJ failed to resolve conflict of VE testimony and RFC. ECF No. 13, Pgs. 4-19. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14.

**A. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,*

377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for light work, but may occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds; and must avoid extreme heat. (Tr. 447, Finding 4). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 13, Pgs. 4-13. However, substantial evidence supports the ALJ's RFC determination.

In reviewing Plaintiff's medical evidence of record, on June 5, 2009, Plaintiff received a diagnosis of acute inferior myocardial infarction and underwent a heart catheterization with stenting to the right coronary artery. (Tr. 271-275). After the stent was placed, Plaintiff had an ejection fraction of 50-55 percent. (Tr. 255). On a follow up visit, Plaintiff indicated he smoked two packs of cigarettes a day. (Tr. 248 ).

On August 4, 2009, during a follow-up visit, it was indicated Plaintiff was doing well and his chest pains were musculoskeletal in nature. (Tr. 298). In January 2010, Dr. Jeffrey Tauth observed Plaintiff's chest pain had improved dramatically and his blood pressure had decreased. (Tr. 295).

In March 2010, Plaintiff underwent an Electrocardiogram which showed normal sinus rhythm

with criteria met for left ventricular hypertrophy without any acute ST or T-wave changes and his lab results showed normal results except for low potassium. (Tr. 346-347). Also, Plaintiff's doctors stressed that he stop smoking. *Id.* On December 22, 2010, Plaintiff complained of chest pain and cardiac Doppler studies were normal. (Tr. 410-414). Also, an electrocardiogram from January 2011was normal. (Tr. 415).

On May 28, 2014, Plaintiff underwent a successful left heart catheterization, selective coronary angiography, left ventriculogram and placement of stents in the right coronary artery and the Palmar lateral vein. (Tr. 621-622). Plaintiff had an ejection fraction of 60 percent. (Tr. 621). In October 2014, Plaintiff underwent the placement of two more stents. (Tr. 574-575). In a follow up visit on October 16, 2014 with Dr. John Erwin, Plaintiff's examination showed normal clinical results. (Tr. 754-758).

Also, it should be noted Plaintiff continues to smoke cigarettes even after being told on several occasions by his physician to stop due to his heart and circulation problems. A failure to follow a doctor's advice and continue to smoke is properly considered in evaluation credibility. *Wheeler v. Apfel*, 224 F.3d 891, 895 (8th Cir. 2000).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits

the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included coronary artery disease, angina, hypertension, hyperlipidemia, and tobacco abuse. (Tr. 445, Finding 2). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues he meets a Listing under Section 1.02 for major dysfunction of a joint. ECF No. 13, Pgs. 13. Defendant argues Plaintiff has failed to establish he meets this Listing. ECF No. 14.

Impairments found under Listing 1.02 for major joint dysfunction requires evidence of:

> major dysfunction of a joint characterized by gross anatomical deformity (e.g., subluxation, contracture, bony, or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint, with involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in an inability to ambulate effectively, as defined in 1.00B2b or involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02.

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

In this matter, Plaintiff has failed to establish he is unable to ambulate effectively. Plaintiff has no evidence he has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items. Further, Plaintiff presented no diagnostic medical evidence showing he has a major dysfunction of a joint characterized by gross anatomical deformity, and findings on medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints.

An "inability to perform fine and gross movements effectively" means an extreme loss of function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching,

9

pushing, pulling, grasping, and fingering to be able to carry out activities of daily living. Examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2c.

There is no credible evidence showing Plaintiff is prohibited from ambulating effectively with a major peripheral joint in each upper extremity resulting in inability to perform fine and gross movements effectively.

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### **C. Conflict in VE Testimony**

Plaintiff claims there is a conflict because the ALJ provided a hypothetical question to the VE that restricted Plaintiff to sedentary work, however, the ALJ found Plaintiff could perform light work. ECF No. 13, Pgs. 13-19. However, because the ALJ found Plaintiff could return to his PRW as an auto parts counter person at Step 4, the burden does not shift, and the ALJ does not need to proceed to Step 5. *See* 20 C.F.R. §§ 416.920(a)(4)(iv), 416.960(b)(3).

Plaintiff also argues the ALJ, based on statements made at the hearing, found Plaintiff could not do more than sedentary work as of December 11, 2011 and was therefore disabled. ECF No. 13, Pgs. 14-17. At the hearing, the ALJ was developing the evidence with Plaintiff. The ALJ did not find Plaintiff disabled at the hearing or in his decision, and did not make any findings until the

written decision. (Tr. 443-453).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **7th day of July 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE